# MICHAEL L. SOSHNICK
## *Attorney at Law*

170 OLD COUNTRY ROAD
SUITE 307
MINEOLA, NEW YORK 11501

MICHAEL L. SOSHNICK
—————
OF COUNSEL
JOHN LAWRENCE
ERIC P. DEBARBA

TEL: (516) 294-1111
FAX: (516) 294-5465
MSOSHNICK@SOSHNICKLAW.COM

October 14, 2024

Hon. Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re:    **United States v. Shlomo Patchiav**
       **Crim. Dkt. No. 1:23-cr-00099-(DLI)**

Dear Judge Irizarry,

I am the attorney for Shlomo Patchiav, the Defendant in the above-referenced case. I am writing this letter in response to the letter written by the Government dated October 10, 2024, and filed the same day under ECF Doc. No. 57. I respectfully submit this response in anticipation of the pretrial hearing scheduled for November 21, 2024.

The Honorable Court should preclude any mention of Mr. Patchiav's prior misdemeanor conviction from nearly twenty (20) years ago. That conviction was for a violation of 19 U.S.C. §1304 for importation into the United States of articles in a container not marked to indicate the country of origin.[1] The Defendant was sentenced to time served; payment of a one thousand ($1,000) fine; payment of a twenty-five ($25.00) dollar misdemeanor special assessment fee and one (1) year unsupervised release. Since the Defendant's conviction on May 25, 2005 in the Western District of New York, he has not been convicted of any other crime.

Courts maintain "broad discretion to determine the scope of cross-examination." *United States v. Clanton United States v. Koskerides*, 877 F.2d 1129, 1136 (2d Cir. 1989); *See also United States v. Whitten*, 610 F.3d 168, 183 (2d Cir. 2010). "[E]vidence of convictions for crimes involving dishonesty or false statement, whether felonies or misdemeanors, must be admitted under Rule 609(a)(2) as being per se probative of credibility, while district courts, under Rule 609(a)(1), may admit evidence of a witness's felony convictions that do not constitute *crimen falsi*, subject to balancing pursuant to Rule 403." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005) (internal quotation marks omitted). **Where a crime does not automatically implicate the use of dishonesty or false statements, "the proffering party must demonstrate 'that [the] particular prior conviction rested on facts warranting the dishonesty or false statement description."** *Daniels v. Loizzo*, 986 F.Supp. 245, 250 (S.D.N.Y. 1997) (*citing United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)). In this case, despite the Government's statements to the contrary, the Defendant has not been convicted of a 1001 violation or any other crime

---

[1] See Judgment in a Criminal case 05-M-1008 United States District Court Western District of New York attached hereto.

which bears upon dishonesty.  Moreover, this conviction is a misdemeanor which is more than ten (10) years old and is a misdemeanor.

In *United States v. Raines* 22-CR-18-02 (NSR) (S.D.N.Y. Sep. 25, 2023) District Judge Roman Explained:

> "In instances where, as here, the conviction is greater than ten (10) years old, courts in this Circuit are instead **required to apply the standard of Rule 609(b), which asks whether the probative value of the conviction substantially outweighs its prejudicial effect**. Fed.R.Evid. 609(b)(1); *See United States v. Payton*, 159 F.3d 49, 56-57 (2d Cir. 1998) ("Specifically, Rule 609(a)(2) instructs **that evidence of all prior convictions for crimes involving dishonesty or false statement shall be admitted, regardless of the degree of punishment**. Rule 609(b), however, imposes a time restriction of ten years on the admissibility of evidence under Rule 609(a)(2)" and "Rule 609(b) bars the use of a conviction more than ten years old to impeach a witness unless the court determines, in the interests of justice, that the probative value of the conviction substantially outweighs its prejudicial effect"); *Farganis v. Town of Montgomery*, 367 Fed.Appx. 666, 669 (2d Cir. 2010) ("We have repeatedly **'recognized that Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances.'"**) (*quoting Zinman v. Black & Decker* (U.S.), Inc., 983 F.2d 431, 434 (2d Cir. 1993) (internal quotation marks omitted)) *United States v. Raines* 22-CR-18-02 (NSR) (S.D.N.Y. Sep. 25, 2023).

In this case there are two (2) very relevant and important points for the Court to consider: (1) the conviction in question was from nearly twenty (20) years ago (2) the conviction in question was not for a crime of dishonesty. Rather, the Defendant was convicted of a singular count of violating 19 U.S.C. §1304 for importation into the United States of articles in a container not marked to indicate the country of origin. While in the complaint there are allegations that the Defendant lied to the Custom and Border Patrol there was never any such 1001 conviction, nor was there ever a felony conviction. As such, the entire conviction which could be the subject of cross examination is the failure for the imported container to be marked with the country of origin. It is precisely because of the fact that we are dealing with a singular misdemeanor conviction that dates back to 2005 and nothing more that cross examination on this matter should be precluded.

In *United States v. Clanton* 23-CR-328 (KAM) (E.D.N.Y. Mar. 12, 2024) District Judge Matsumoto explained:

> With respect to Fed.R.Evid. 609(a)(2), the court must "look beyond the elements of the offense to determine whether the conviction rested upon facts establishing dishonesty or false statement." *United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998). Nevertheless, the Second Circuit has held that "[w]hile much successful crime involves some quantum of stealth, **all such conduct does not, as a result, constitute [a] crime of dishonesty**" under Fed.R.Evid. 609(a)(2). *Estrada*, 430 F.3d at 614.

In this case, the conviction in question is a misdemeanor which resulted from a miscommunication at a time when my client was very new to the United States and was even less proficient in the English language than he is now. This fact is demonstrated by the 2005 affidavit wherein the Customs agent expressly stated that he went over the declaration form in Hebrew with the Defendant. The Government once again, attacks Mr. Patchiav and raises doubt about honesty in an effort to prevent him from testifying as to the violations of his Fourth Amendment Rights at hands of the FBI. Here, given the lengthy period since Mr. Patchiav's misdemeanor conviction and the fact that the elements of the

offense do not establish dishonesty or a false statement but instead an error by omission in by a man with limited English language skills who was new to the United States. To admit this misdemeanor conviction and allow the Government to cross examine him as if he were convicted of a 1001 felony 1001 for lying to a federal agent would be extremely prejudicial.  Accordingly, this Honorable Court should preclude the cross examination of the Defendant on any elements of his remote in time 2005 misdemeanor conviction.

Respectfully,

Michael L. Soshnick

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 1                                                    *M. Blotnik, Esq.*     KMR/pc.

# UNITED STATES DISTRICT COURT

WESTERN                    District of                    NEW YORK

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |

SHLOMO PATCHIAV

JUN  7 2005

Case Number:     05-M-1008

USM Number:      13936-055

Michael Blotnik
Defendant's Attorney

**FILED**
U.S. DISTRICT COURT
W.D. of N.Y.

5/25/05

## THE DEFENDANT:

☒ pleaded guilty to count(s)   I of Misdemeanor Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 19 U.S.C. §1304(b) and (1) | Importation into United States Articles in a Container Not Marked to Indicate Country of Origin | 1/4/05 | 1 |

    The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Criminal   Complaint _____ ☒ is   ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 17, 2005
Date of imposition of Judgment

_____
Signature of Judge

Leslie G. Foschio, U.S. Magistrate Judge
Name and Title of Judge

5/25/05
Date

ATTEST: A TRUE COPY
U.S. DISTRICT COURT, WDNY
RODNEY C. EARLY, CLERK

By  *M. Linda Lewis*
       Deputy Clerk   5/25/05
Original Filed

AO 245B    (Rev. 12/03) Judgment in Criminal Case
    Sheet 2 — Imprisonment

KMR/pc

Judgment — Page __2__ of __6__

DEFENDANT:     SHLOMO PATCHIAV
CASE NUMBER:   05-M-1008

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    time served

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

KMR/pc

|  | Judgment—Page | 3 | of | 6 |

DEFENDANT:       SHLOMO PATCHIAV
CASE NUMBER:    05-M-1008

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    one year (unsupervised)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional condition on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release                                                          KMR/pcd

Judgment—Page ___4___ of ___6___

DEFENDANT:        SHLOMO PATCHIAV
CASE NUMBER:      05-M-1008

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release the defendant shall not commit another federal, state, or local crime.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

KMR/D

Judgment — Page    5    of    6

DEFENDANT:    SHLOMO PATCHIAV
CASE NUMBER:    05-M-1008

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 25 | $ 1,000 | $ 0 |

☐    The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be p before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ _____ | $ _____ | |

☐    Restitution amount ordered pursuant to plea agreement $ _____

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐    the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐    the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or aft September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

KMR/pc

Judgment — Page __6__ of __6__

DEFENDANT:    SHLOMO PATCHIAV
CASE NUMBER:    05-M-1008

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   ☐   Lump sum payment of $ _____ due immediately, balance due

    ☐   not later than _____, or
    ☐   in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B   ☒   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☒   Special instructions regarding the payment of criminal monetary penalties:

    The defendant shall pay a $25 special assessment fee, which shall be due immediately.

    The defendant shall pay a $1,000 fine which shall be paid within 30 days of sentence date.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.